## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

James Sampson,

       Plaintiff,

vs.

NCB Management Services, Inc.,

       Defendant.

Case No.:

**COMPLAINT**

**JURY TRIAL DEMAND**

NOW COMES THE PLAINTIFF, JAMES SAMPSON, BY AND THROUGH COUNSEL, Daniel M. Brennan, Esq., and for his Complaint against the Defendant, pleads as follows:

### JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

### VENUE

2. The transactions and occurrences which give rise to this action occurred in the unincorporated community of Bryceville, Nassau County, Florida.

3. Venue is proper in the Middle District of Florida.

## PARTIES

4. Plaintiff is a natural person residing in the unincorporated community of Bryceville, Nassau County, Florida.

5. The Defendant to this lawsuit is NCB Management Services, Inc. ("Defendant"), which is a foreign corporation that conducts business in the State of Florida.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer-type debt allegedly owed by Plaintiff to a third party in the amount of $2,933.00 ("the alleged Debt").

7. Plaintiff disputes the alleged Debt.

8. On February 22, 2022, Plaintiff obtained his Trans Union credit disclosure and noticed Defendant reporting the alleged Debt as a collection item.

9. On March 4, 2022, Plaintiff obtained his Equifax credit disclosure and noticed Defendant reporting the alleged Debt as a collection item.

10. On or about March 11, 2022, Plaintiff submitted a letter to Defendant disputing the collection item.

11. On April 24, 2022, Plaintiff obtained his Equifax and Trans Union credit disclosures and noticed Defendant reporting the collection item with a remark that stated, "Dispute resolved" and it failed or refused to report its collection item as disputed, in violation of the FDCPA.

12. On or about May 13, 2022, Plaintiff again submitted a letter to the Defendant disputing the collection item.

13. In his dispute letter, Plaintiff alleged he previously disputed the collection item. He also stated the dispute was not resolved by the Defendant. Hence, he does and has always disputed the collection item.

14. Defendant received the Plaintiff's letter on May 19, 2022.

15. On June 13, 2022, a prospective lender, First American Credco obtained Plaintiff's Trans Union and Equifax credit files.

16. On June 24, 2022, Plaintiff obtained his Trans Union credit disclosure, which showed Defendant last reported the tradeline reflected by the collection item to Trans Union on June 18, 2022, and failed or refused to flag the tradeline as disputed, in violation of the FDCPA.

17. On June 27, 2022, Plaintiff obtained his Equifax credit disclosure, which showed Defendant last reported the tradeline reflected by the collection item to Equifax on June 18, 2022, and failed or refused to flag the tradeline as disputed, in violation of the FDCPA.

18. Defendant's failure to remove the inaccurate dispute remark makes the tradeline false and misleading to any user of the credit reports. It also damages Plaintiff by preventing him from obtaining any mortgage loan or refinancing of the same, as no conventional lender will grant a mortgage

based on any credit report that has any tradeline reported as disputed.
Mortgage rates are now at historic lows and Plaintiff cannot participate in
this market, due to Defendant's failure to remove the dispute notation.

19. In the credit reporting industry, data furnishers, such as the Defendant,
communicate electronically with the credit bureaus.

20. Defendant had more than ample time to instruct Equifax and Trans Union to
flag its collection item as Disputed.

21. Defendant's inaction to have its collection item on Plaintiff's Equifax and
Trans Union credit reports flagged as disputed was either negligent or
willful.

22. Plaintiff suffered pecuniary and emotional damages as a result of
Defendant's actions. Because Defendant failed or refused to flag its
collection item as disputed, Plaintiff's credit score has been improperly
depressed, making it harder for him to obtain employment, housing, and
credit for his day-to-day needs. His credit reports continue to be damaged
due to the Defendant's failure to properly report the associated collection
item.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff reincorporates the preceding allegations by reference.

24. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debt on behalf of other individuals or entities.

25. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

26. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a (6). Defendant's foregoing acts in attempting to collect this alleged debt violated the FDCPA at 15 U.S.C. §1692e by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

27. Plaintiff has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

28. Defendant's failure to flag its collection items on Plaintiff's consumer credit files is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of his credit reports that he has simply ignored this debt when, in fact, he disputes its validity. Again, the Defendant's failure or refusal to flag it as disputed depresses the Plaintiff's credit score.

29. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

   **WHEREFORE, PLAINTIFF PRAYS that this Honorable Court** grants him a judgment against Defendant for statutory damages, actual damages, costs, interest, and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a.  Actual damages;

b.  Statutory damages; and

c.  Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  June 30, 2022

By: /s/ Daniel Brennan
Daniel Brennan
Bar Number 43395

Credit Repair Lawyers of America
39111 Six Mile Road, Suite 142
Livonia, MI 48152
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: daniel@crlam.com
*Attorney for Plaintiff*
*James Sampson*